IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-81287-TLS |
| | ) | |
| MICHAEL JOSEPH ANDREWS and | ) | CH. 7 |
| ROBIN RENEE ANDREWS, | ) | |
| | ) | |
| Debtors. | ) | |
| THOMAS D. STALNAKER, Trustee, | ) | ADV. NO. A09-08039-TLS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WASHINGTON MUTUAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment (Fil. #14). No resistance was filed. John D. Stalnaker represents Plaintiff, and Joel M. Carney, Betty L. Egan, and Steffi A. Swanson have all appeared on behalf of Defendant.

### *Background*

Plaintiff, the Chapter 7 Trustee in the underlying bankruptcy case of Michael and Robin Andrews, filed this adversary proceeding to determine the extent and validity of a lien claimed by Defendant against the real property of Debtors. Specifically, the deed of trust lien asserted by Defendant contains an error in the legal description and fails to properly describe the lot owned by Debtors. Plaintiff now moves for summary judgment asserting that Defendant does not have a secured claim on the real estate of Debtors, and that any such secured claim asserted by Defendant should be deemed void under 11 U.S.C. § 544.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for

summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Defendant has failed to respond to the motion and has not put any facts in dispute.

The following facts are not in dispute:

1.      Thomas D. Stalnaker is the duly appointed and qualified Chapter 7 Trustee in the underlying bankruptcy proceeding, which was filed on May 28, 2008.

2.      This Court has jurisdiction over this adversary proceeding. This Court has the authority to grant the relief requested herein. This is a core proceeding governed by Federal Rule of Bankruptcy Procedure 7001 *et seq.* Venue in this Court is proper pursuant to 11 U.S.C. § 1409(a).

3.      On May 28, 2008, Debtors were owners of real property and improvements legally described as Lot 277, Waterford, a subdivision in Douglas County, Nebraska, as surveyed, platted, and recorded.

4.      On March 11, 2005, Debtors executed a deed of trust in favor of Northwest Federal Savings Bank in order to secure a promissory note signed by Debtors in the amount of $359,000.00. The deed of trust was recorded in the office of the Register of Deeds of Douglas County, Nebraska, as Instrument No. 2005040308. The real property described in the deed of trust was "Lot 227, Waterford, a Subdivision in Douglas County, Nebraska." The deed of trust was assigned to Defendant on March 11, 2005, by virtue of an assignment recorded in the office of the Register of Deeds of Douglas County, Nebraska, as Instrument No. 2005040309.

5.      The description of the property in the deed of trust as "Lot 227" was apparently a mistake, since Debtors do not own that property. Instead, Debtors own Lot 277, Waterford, a subdivision in Douglas County, Nebraska.

6.      On June 19, 2008, Defendant filed a motion for relief from the automatic stay (Fil. #11 in Case No. BK08-81287-TLS) to foreclosure its deed of trust. On July 8, 2008, that motion was granted (Fil. #16 in Case No. BK08-81287-TLS). Defendant subsequently filed a complaint in state court seeking reformation of its deed of trust to correct the error in the legal description and to declare the deed of trust to be a security interest in first position as to the real estate, and this adversary proceeding followed.[1]

---

[1]No evidence was presented as to whether the state court action progressed after the filing of this adversary proceeding.

### *Discussion*

11 U.S.C. § 544(a)(3) provides as follows:

> (a)      The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by —
>
> . . .
>
> (3)      a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Accordingly, the trustee in bankruptcy may avoid any transfer of property or obligation incurred by a debtor which a bona fide purchaser of real property from the debtor would be able to avoid. The sole question is whether a bona fide purchaser of the real estate owned by Debtors would be subject to the deed of trust held by Defendant. Nebraska Revised Statute § 76-238 provides:

> (1)      All deeds, mortgages, and other instruments of writing which are required to be or which under the laws of this state may be recorded, shall take effect and be in force from and after the time of delivering such instruments to the register of deeds for recording, and not before, as to all creditors and subsequent purchasers in good faith without notice. All such instruments are void as to all creditors and subsequent purchasers without notice whose deeds, mortgages, or other instruments are recorded prior to such instruments. . . .

Therefore, a deed of trust that is not recorded upon a certain parcel of real estate is void as to a subsequent purchaser of that real estate without notice. Pursuant to 11 U.S.C. § 544(a)(3), the trustee in bankruptcy has the status of a bona fide purchaser of the real estate without notice. Accordingly, Defendant's deed of trust, which fails to describe the property owned by Debtors, can be avoided by the Chapter 7 Trustee under 11 U.S.C. § 544. *Lindquist v. Household Ind. Fin. Co. (In re Vondall)*, 364 B.R. 668, 673 (B.A.P. 8th Cir. 2007).

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Summary Judgment (Fil. #14) is granted. Separate judgment will be entered.

DATED:  December 17, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
        *John D. Stalnaker/Thomas D. Stalnaker
        Joel M. Carney/Betty L. Egan
        Steffi A. Swanson
        United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.